UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Eric Coc-Che, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL NO. 4:26-CV-24 |
| | § | |
| Warden Randy Tate, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

**JUDGE PALERMO'S**
**REPORT & RECOMMENDATION**[1]

U.S. Customs and Immigration Enforcement ("ICE") detained Petitioner Eric Coc-Che on November 14, 2025. ECF No. 1 ¶ 2. He filed a petition for a writ of habeas corpus on January 2, 2026, challenging his detention. ECF No. 1.

On March 3, 2026, Respondents filed a response to the petition, ECF No. 7, and notified the Court that "Petitioner's appeal from the BIA was dismissed on . . . February 19, 2026," and that Petitioner was scheduled to be removed from the United States on March 10, 2026, ECF No. 8 at 1. Petitioner was subsequently removed the United States. ECF No. 11.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker*

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 4.

1

*v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78–79 (2013)). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted) (quoting *Already, L.L.C. v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "[W]hen the controversy between parties 'has resolved to the point that they no longer qualify as adverse parties with sufficient legal interests to maintain the litigation, courts are without power to entertain the case.'" *Id.* (internal quotation marks and original alteration omitted) (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009)).

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025) (alteration and emphasis in original) (quoting *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004)), *adopted*, No. 3:24-CV-02640-B (BT), 2025 WL 1908169 (N.D. Tex. July 10, 2025). "A case or controversy may

2

continue to exist where 'the petitioner is no longer detained but the claimed violation's adverse consequences continue.'" *Id.* (quoting *Nieto Ramirez v. Holder*, 583 F. App'x 330, 332 (5th Cir. 2014)). "For example, a habeas petition challenging the grounds for removal is not moot once the petitioner is deported if there is some persisting harm, such as a ban on reentry." *Id.* (quoting *Nieto*, 583 F. App'x at 332). However, a habeas petition is moot "if the petitioner's 'claimed grounds for relief go only to [his] detention . . . [but] not the underlying removal proceedings or its collateral consequences.'" *Id.* (alterations in original) (quoting *Nieto*, 583 F. App'x at 331–32); *see also Kordia v. Noem*, No. 3:25-CV-01072-L-BT, 2026 WL 773087, at *1–2 (N.D. Tex. Mar. 19, 2026) (dismissing habeas petition as moot because petitioner was released); *Wilfredo R. v. Noem*, No. 3:25-CV-1702-D-BK, 2025 WL 3520307, at *1–3 (N.D. Tex. Nov. 4, 2025) (same), *adopted*, No. 3:25-CV-1702-D, 2025 WL 3517779 (N.D. Tex. Dec. 8, 2025).

Here, Coc-Che's petition challenges his detention—not the validity of his removal order. ECF No. 1 ¶ 1 ("This case challenges an unlawful warrantless interior arrest and continued civil detention that exceed statutory authority and violate the Fourth and Fifth Amendments."). Thus, the petition is now moot because the Court can no longer award Coc-Che any relief related to the alleged due process and statutory violations. *Etuk*, 2025 WL 1908738, at *3.

3

Accordingly, the Court **RECOMMENDS** that Petitioner's petition for a writ of habeas case, ECF No. 1, be **DISMISSED AS MOOT** without prejudice.

**IT IS SO ORDERED.**

Signed on May 6, 2026, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**